**[REASONABLE ACCOMMODATIONS UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT] <u>DISABILITY AND LANGUAGE ACCESS</u>**

**<u>DISABILITY ACCESS</u>**

Rule 250. Policy

        It is the policy of the Unified Judicial System **(UJS)** to prohibit discrimination against any individual with a disability, as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §**§** 12131 *et seq.*, in accessing or participating in judicial proceedings or other services, programs, or activities of the **[Unified Judicial System] UJS**.

Rule 251. Scope

        These rules shall apply to each UJS entity which includes, but is not limited to, all appellate courts, judicial districts, boards, committees**,** and agencies under the administrative authority of the Supreme Court. These rules relating to reasonable accommodations under Title II of the ADA do not supersede either the requirements of 42 Pa.C.S.**[A.]** §**§** 4401 *et seq.*, relating to Court Interpreters for Persons **[w]W**ho **[a]A**re Deaf or Hard of Hearing, or the Administrative Regulations Governing **Court Interpreters] Language Access** for Persons **with Limited English Proficiency and for Persons [w]W**ho **[a]A**re Deaf or Hard of Hearing**, 204 Pa. Code §§ 221.101 *et seq.***

        *Note:* The Administrative Regulations Governing **[Court Interpreters] Language Access** for Persons **with Limited English Proficiency and for Persons [w]W**ho **[a]A**re Deaf or Hard of Hearing (204 Pa. Code §**§ 221.**101 *et seq.*) and 42 Pa.C.S.**[A.]** §**§** 4401 *et seq.* provide standards for court interpreters in judicial proceedings. "Judicial proceeding" is defined**, in pertinent part,** as "an '**action,**' '**appeal**' or '**proceeding**' in any court of this Commonwealth." 2 Pa.C.S. § 101. Title II of the ADA requires an interpreter for the deaf or hard of hearing for all programs, services**,** or activities of the UJS. ***See*** 42 U.S.C.**[A.]** §_12132; 28 C.F.R. §_35.160.

Rule 252.  Reasonable Accommodations

    A.    Each UJS entity shall develop a written policy to receive and process requests for reasonable accommodations from individuals with disabilities. The policy shall be posted on **the UJS website,** each UJS entity's respective website**,** and in each **[facility] courthouse and office in the court system**.

    B.    All policies developed must be substantially similar to the policy appended to this Rule (Appendix A) and shall contain, at a minimum, the following

elements:

1. Appointment of an ADA coordinator – the coordinator must be identified on all court or program materials and the following information shall be provided: the coordinator's name, work address, work fax number or e-mail address, and work telephone number.

2. Notice of the right to request free accommodation(s).

3. Explanation of the process for requesting accommodation(s).

4. **[Time line]** <u>**Timeline**</u> for request and response.

C. Each UJS entity shall develop a form substantially similar to the one appended to this rule (Appendix A) for processing requests for reasonable accommodations.

D. Each UJS entity shall adopt and publish a grievance procedure, substantially similar to the procedure appended to this rule (Appendix B), for requests that have been denied in whole or in part. Any denial of an accommodation request based upon undue burden or fundamental alteration to services and programs shall be put in writing by the head of the entity or his or her designee and shall provide specific reasons for the denial.

**[E. Within six (6) months of the adoption of this rule, each UJS entity shall provide the Administrative Office with a copy of their ADA policy and form and their grievance procedure and form as outlined in sections A-D above.]**

<u>**Note: In 2014, each UJS entity was required to provide the Administrative Office with a copy of their ADA policy and form and their grievance procedure and form, as outlined in sections A-D above.**</u>

\* \* \*

**---The following text is entirely new---**


LANGUAGE ACCESS

Rule 260. Definitions

"Court services, programs, and activities" mean services, programs, and activities, other than judicial proceedings, that are administered under the authority of the courts, *i.e.*, provided by or contracted for by the court.

"Deaf or hard of hearing" ("DHH") means a hearing loss or impairment of speech that creates an inability to understand or communicate the spoken English language.

"Direct victim" means an individual against whom a crime has been committed or attempted and who, as a direct result of the criminal act or attempt, suffers physical or mental injury, death, or the loss of earnings.

"Judicial proceeding" means an action, appeal, or proceeding in a court conducted by a presiding judicial officer, as defined for the purposes of these Rules.

"Language Access Plan" ("LAP") means a plan adopted by the Supreme Court or by a judicial district, intended to fulfill the requirements of Pennsylvania and federal law relating to meaningful access to the Unified Judicial System of Pennsylvania ("UJS").

"Limited English Proficient" ("LEP") refers to individuals who do not speak English as their exclusive or primary language and who have a limited ability to read, speak, write, or understand English.

"Presiding judicial officer" includes justices, judges, magisterial district judges, and appointive judicial officers such as arbitrators and other like officers.

"Principal party in interest" means a person involved in a judicial proceeding who is a named party or a fiduciary for a named party; a direct victim in a criminal proceeding or a proceeding pursuant to the Juvenile Act (42 Pa.C.S. Ch. 63); or a parent, guardian, or custodian of a minor or incapacitated person who is a party, a direct victim in a criminal proceeding or a proceeding pursuant to 42 Pa.C.S. Ch. 63, or a witness.

"Vital documents" mean documents that contain or solicit information critical for obtaining access to the court, court services, and/or benefits, advise of rights or responsibilities, including the consequences of violating a court order, or are required by law.

Comment

*See also* 204 Pa. Code Ch. 221 (regulations relating to language access for persons with limited English proficiency and for persons who are deaf or hard of hearing). These terms are included here for convenience to aid in readily understanding the requirement of providing meaningful access under these Rules.

The definition of court services, programs, and activities encompasses those administered under the authority of the court, including, but not limited to, domestic relations, probation, *pro se* clinics, cases involving court-appointed counsel, or alternative dispute resolution.

Court services, programs, and activities provided by or contracted for by offices outside of the courts that have a distinct legal obligation to provide language access under Title VI of the Civil Rights Act of 1964 are not covered by these rules. Such offices include the Prothonotary, the Clerk of Courts, the Clerk of the Orphans' Court, the District Attorney's Office, and the Public Defender's Office.

Rule 261. Policy

A. It is the policy of the UJS to provide meaningful language access to the courts for all individuals who are Limited English Proficient ("LEP") or deaf or hard of hearing ("DHH") to ensure that such persons have due process and equal access to all judicial proceedings, court services, programs, and activities. Ensuring meaningful language access means providing timely, accurate, and effective language services at no cost to persons who are LEP or DHH, whether requested or not.

B. Courts must review data concerning the languages for which interpreters are most frequently requested in their courts and translate vital documents in accordance with the policy and procedures established by the Administrative Office. Oral translation of documents shall be provided when a translated document is not available.

C. A qualified interpreter shall be provided for any court services, programs, or activities involving an LEP person and in every judicial proceeding where the LEP person is one of the following:

    1.    a principal party in interest.

    2.    any person when a court finds good cause for provision of interpreter services.

D. A qualified interpreter shall be provided for any court services, programs, or activities involving a DHH person and in every judicial proceeding where the DHH person is one of the following:

4

1.     a principal party in interest.

2.     any person, including a spectator, who seeks a reasonable accommodation.

Comment

Equal access to the courts and effective communication in court proceedings is fundamental to the legitimacy of Pennsylvania's system of justice and the public's trust and confidence in the courts. Language services for individuals who are LEP or DHH are essential to ensure that they are able to fully participate in judicial proceedings and court services, programs, and activities in which their rights and interests are at stake. Moreover, the courts have an interest in ensuring the integrity of communications with LEP and DHH court users for the accurate presentation of evidence and the fair administration of justice.

The UJS is committed to ensuring meaningful access to LEP court users. Title VI of the Civil Rights Act of 1964 states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *see also* Department of Justice regulations regarding implementation of Title VI at 28 C.F.R. § 42.101 *et seq.* ("Title VI" as used in these Rules refers collectively to the statute and its implementing regulations.)

In addition to federal law, the Pennsylvania Interpreter Act, Act 172 of 2006, requires the appointment of qualified interpreters for judicial proceedings. *See* 42 Pa.C.S. § 4412. Act 172 and its implementing regulations direct that interpretation must be in person, except in certain circumstances where telephone or video remote interpretation may be used. *See* 204 Pa. Code § 221.104 (relating to remote interpretation).

For persons who are DHH, meaningful access to the courts is required under 204 Pa. Code Ch. 221, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, the Pennsylvania Interpreter Act, 42 Pa.C.S. §§ 4401 *et seq.*, and various regulations, 28 C.F.R. §§ 42.101 *et seq.* and 28 C.F.R. §§ 39.101 *et seq.*, implementing these laws.

Meaningful access to the courts also includes meaningful access to court programs, services, and activities that are administered under the authority of the courts. The providers of such programs may receive federal funding and, therefore, may be independently required under Title VI to provide such access. In addition, there is an obligation to provide sign language interpreters and any other reasonable accommodations necessary to afford deaf and hard of hearing court users equally effective communications under the Americans with Disabilities Act, regardless of whether the vendor providing the program or service receives federal funds. A party who

is LEP or DHH should not be required to participate in a program, service, or activity if the party is not able to fully participate or understand on account of language or disability. Courts should consider whether alternatives may be made available and, if not, whether a waiver of the required court program, service, or activity may be permitted.

Except in courtroom proceedings, effective communication with persons who are LEP or DHH can also be facilitated through the use of court staff who are proficient in languages other than English, in accordance with the Administrative Office's policy on bilingual employees.

Rule 262. Scope

These Rules apply to every entity in the UJS, including appellate, trial, and magisterial district courts, as well as boards, committees, and offices under the administrative authority of the Supreme Court.

Rule 263. Language Access Plans.

A. The Court Administrator shall promulgate uniform standards for the provision of meaningful language and DHH access through the Language Access Plan ("UJS-LAP") for the UJS. The UJS-LAP shall address the early identification of the need for language or DHH services; provision of oral and written language services; maintenance of data on the need for and use of language access services; identification and translation of vital documents; and outreach and education. The UJS-LAP shall be posted on the UJS website. The UJS-LAP shall be evaluated and updated regularly.

B. The Court Administrator shall promulgate regulations to implement the Pennsylvania Interpreter Act.

C. Each judicial district shall promulgate local language access plans in conformity with a template to be provided by the Administrative Office. At a minimum, the following elements shall be included in those plans: identification of LEP court users; provision of interpreters in judicial proceedings; provision of language access to court services, programs, and activities; translation of vital documents in languages most frequently requested in their courts; and complaint procedures. Each judicial district shall review and update its language access plan to ensure that meaningful access is being provided to LEP and DHH individuals in the judicial district. Plans shall be posted on the UJS website and on the websites of the judicial districts.

Comment

On March 28, 2017, the Supreme Court approved the UJS-LAP providing a framework for the provision of meaningful language access for individuals who are LEP or DHH. The UJS-LAP specifies the language access requirements applicable to Pennsylvania courts and identifies steps that must be taken to fully implement language access requirements, including but not limited to:

Counsel, court staff, judges, quasi-judicial officers, and anyone aware of the need for an interpreter should notify the language access coordinator for the judicial district, or the court, of the person's need for language access services.

Courts must review data concerning the languages for which interpreters are most frequently requested in their courts and translate vital documents in accordance with the policy and procedures established by the Administrative Office. Oral translation of documents shall be provided when a translated document is not available.

The Administrative Office has developed and implemented protocols within the statewide case management systems for early identification of the need for language services, including a multilingual Notice of Language Rights form that is transmitted with hearing notices and subpoenas. Additionally, the Administrative Office has transmitted notices of the right to interpreter services for posting at courthouses and offices in the court system. The Administrative Office and the courts will continue to develop processes for documenting the need for language services as a case progresses through the UJS.

In instances when no request has been made, and a person's need for an interpreter is apparent, or the ability of a person to understand English is unclear, the presiding judicial officer shall, after conducting *voir dire*, make a determination of whether the person is LEP or DHH and, if so, require an interpreter for a judicial proceeding. A sample *voir dire* is in the "Judicial Bench Card for Working with Interpreters: Quick Reference Guide," available on the Language Access & Interpreter Program page of the UJS website, http://www.pacourts.us. Also posted on this page are the UJS-LAP, Pennsylvania Interpreter Act regulations, and the judicial districts' language access plans.